[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12799

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FRANK JOSEPH SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:12-cr-80151-DMM-1

_____

Before JILL PRYOR, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Frank Smith, a federal prisoner proceeding *pro se*, appeals the district court's denial of his third motion for compassionate release on the ground that the court did not sufficiently address the arguments in his motion to allow for meaningful appellate review. Smith argues that the district court abused its discretion by conclusorily denying his motion, even after Smith presented extraordinary and compelling reasons for relief. In response, the government moves for summary affirmance, arguing that the district court adequately explained its reasons for denying Smith's motion. The government argues that Smith has shown no error in the district court's findings that (1) Smith failed to demonstrate an extraordinary and compelling reason for relief and (2) the 18 U.S.C. § 3553(a) sentencing factors weighed against the requested sentence reduction.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where . . . the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161–62 (5th Cir. 1969).

We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). If eligibility is established, we review the district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *Id.* "A court must explain its sentencing decisions adequately enough to allow for meaningful appellate review." *Id.* (quotation marks omitted). An order granting or denying compassionate release must indicate that the court considered the applicable § 3553(a) sentencing factors, in light of the record. *United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021). A district court need not exhaustively analyze every factor in its order, but it must provide enough analysis that meaningful appellate review of the factors' application can take place, and we must be able to understand from the record how the district court arrived at its conclusion, including what factors it relied on. *Id.* at 1184–85 (citing *United States v. Johnson*, 877 F.3d 993, 998 (11th Cir. 2017)).

*Pro se* pleadings are held to a more lenient standard than counseled pleadings and are, therefore, liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But that leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action. *See Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citing *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)). An issue not raised on appeal will be deemed abandoned and will be addressed only in extraordinary circumstances. *United States v. Campbell*, 26 F.4th 860, 872–73 (11th

Cir. 2022) (en banc). A party fails to adequately brief a claim when he does not plainly and prominently raise it, for instance by devoting a discrete section of his argument to those claims. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect. *Id.* at 680. If an appellant fails to properly challenge on appeal one of the independent grounds on which the district court based its judgment, he has abandoned any challenge of that ground, and the judgment must be affirmed. *Id.*

Before the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act"), § 3582(c)(1)(A) allowed the district court to reduce a prisoner's term of imprisonment upon motion of the Director of the Bureau of Prisons (the "BOP"), after considering the factors set forth in § 3553(a), if it found that extraordinary and compelling reasons warranted such a reduction. 18 U.S.C. § 3582(c)(1)(A) (effective November 2, 2002, to December 20, 2018). The First Step Act amended § 3582(c)(1)(A) to allow the court to reduce a defendant's term of imprisonment also upon motion of the defendant, after the defendant fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's

facility, whichever is earlier. *See* First Step Act § 603; 18 U.S.C. § 3582(c)(1)(A).

A district court may grant compassionate release if: (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with U.S.S.G. § 1B1.13; and (3) the § 3553(a) factors weigh in favor of compassionate release. *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021). When the district court finds that one of these three prongs is not met, it need not examine the other prongs. *See Giron*, 15 F.4th at 1348.

Factors under § 3553(a) that the district court may consider include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense and to afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(1), (a)(2)(A)–(B). The court need not address each of the § 3553(a) factors or all of the mitigating evidence. *Tinker*, 14 F.4th at 1241. The "district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* (quotation marks omitted).

The policy statements applicable to § 3582(c)(1)(A) are found in § 1B1.13. *See* U.S.S.G. § 1B1.13. Section 1B1.13 states that a defendant's sentence may be reduced, upon motion of the defendant, where extraordinary and compelling reasons warrant the reduction, the defendant is not a danger to the safety of any

other person or to the community, as provided in 18 U.S.C. § 3142(g), and the court considers the factors in 18 U.S.C. § 3553(a). *Id.* § 1B1.13(a).   Section 1B1.13 provides that an extraordinary and compelling reason exists under any of the following circumstances or a combination thereof: the medical circumstances of the defendant and the age of the defendant, including if the defendant is at least 65 years old, experiencing serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75% of his term of imprisonment, whichever is less. *Id*. § 1B1.13(b)(1)–(2). U.S.S.G. § 1B1.13(b)(5) contains a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if he "presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described [above], are similar in gravity" to the other examples listed. *Id.* § 1B1.13(b)(5).   In addition, § 1B1.13(d) provides that the rehabilitation of the defendant, by itself, is not an extraordinary and compelling reason for the purposes of the policy statement. *Id.* § 1B1.13(d). Rehabilitation can, however, be considered in combination with other circumstances to determine whether, and to what extent, a reduction is warranted. *Id.*

We may affirm on any ground supported by the record. *United States v. Thomas*, 32 F.4th 1073, 1077 (11th Cir. 2022).

Here, we conclude that the district court did not abuse its discretion in concluding that Smith's age and medical ailments did

not amount to an extraordinary and compelling reason to justify compassionate release.  As the district court noted, Smith's medical condition has not seriously deteriorated since his sentencing, and his medical records show that he is being treated by the BOP. Under these circumstances, we cannot conclude that the district court erred in denying compassionate release.  *See* § 1B1.13(b)(1)–(2); *Giron*, 15 F.4th at 1346 (finding no abuse of discretion where district court denied compassionate release to prisoner with high cholesterol, high blood pressure, and coronary artery disease, because those conditions were "manageable in prison, despite the existence of the COVID-19 pandemic"); *United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021) (holding that the district court did not abuse its discretion by denying compassionate release to an inmate with hypertension despite the increased risk of death or severe medical complications from COVID-19).

Smith also argues that the district court abused its discretion in failing to consider that Smith "has done everything in his power to rehabilitate himself."  But rehabilitation alone is not an extraordinary and compelling reason for compassionate release, nor is there any indication that rehabilitation since other circumstances warrants a reduction in Smith's term of imprisonment, either.  *See* § 1B1.13(d).  We thus conclude that the district court did not err in finding that Smith failed to establish an extraordinary and compelling reason justifying release, which is a sufficient basis to deny a motion for compassionate release.  *See Tinker*, 14 F.4th at 1237–38; *Giron*, 15 F.4th at 1350 ("[W]hen the district court here found that extraordinary and compelling reasons

for compassionate release did not exist, one of the necessary conditions for granting compassionate release was absent; therefore, compassionate release was foreclosed.").

But even if Smith had presented an extraordinary and compelling reason, we conclude that the district court acted within its discretion to deny the motion for compassionate release because it found that the § 3553(a) factors weighed against release. Although the district court did not address all of the factors, it did consider the seriousness of the offense, noting that Smith produced child-pornography videos in which he engaged in sex acts with underage girls, two of whom appeared to be prepubescent. A district court is permitted to consider and weigh certain factors over others, including the seriousness of the crime, in determining that the § 3553(a) factors weigh against granting compassionate release. *See Tinker*, 14 F.4th at 1241. We thus conclude that the district court did not abuse its discretion in finding that the § 3553(a) factors militated against a sentence reduction.

In sum, we conclude that the district court acted within its discretion when it found no extraordinary and compelling reasons to justify Smith's release, and when it determined that the sentencing factors weighed against sentence reduction. Summary disposition is appropriate because the district court did not abuse its discretion in denying Smith's motion for compassionate release, and, thus, the government's position is clearly right as a matter of law. *See Groendyke Transp.*, 406 F.2d at 1162. Accordingly, we GRANT the government's motion to summarily affirm and

24-12799                Opinion of the Court                9

AFFIRM the district court's order denying Smith's motion for compassionate release.

**AFFIRMED.**